## UNITED STATES DISTIRCT COURT
## FOR THE DISTRICT OF MAINE

MELISSA A. ADLE, as Personal          ]
Representative of the Estate of       ]
Shad I. Gerken, late of Woodville,    ]
County of Penobscot and State of Maine, ]
                                      ]
          **Plaintiff**               ]
                                      ]
v.                                    ]
                                      ]
THE STATE OF MAINE,                   ]
DEPARTMENT OF PUBLIC SAFETY,          ]
MAINE STATE POLICE                    ]
DEPARTMENT, an agency of the State    ]
of Maine, located in Augusta, Maine,  ]
                                      ]
And                                   ]
                                      ]
THE STATE OF MAINE,                   ]
DEPARTMENT OF INLAND                  ]
FISHERIES AND WILDLIFE, MAINE         ]
WARDENS SERVICE, an agency of the     ]
State of Maine, located in Augusta,   ]
Maine,                                ]
                                      ]
And                                   ]
                                      ]
MICHAEL KNIGHTS, a resident of        ]
Winterport, County of Waldo and       ]
State of Maine,                       ]
                                      ]
And                                   ]
                                      ]
BRANDI DALTON, a resident of Lincoln, ]
County of Penobscot and State of Maine ]
                                      ]
And                                   ]
                                      ]
RONALD DUNHAM, a resident of          ]
Lincoln, County of Penobscot and      ]
State of Maine                        ]
                                      ]
And                                   ]

1

|  |  |
| --- | --- |
| **DONALD SHEAD, a resident of West Paris, County of Oxford, State of Maine** | ] ] ] ] |
| **And** | ] ] |
| **NICHOLAS GRASS, a resident of Vassalboro, County of Kennebec State of Maine,** | ] ] ] ] |
| **And** | ] ] |
| **GREGORY MITCHELL, a resident of the State of Maine,** | ] ] ] |
| **Defendants** | ] |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Melissa Adle, as Personal Representative of the Estate of Shad Gerken asserts

the following claims against Defendants The State of Maine Department of Public Safety, Maine

State Police Department, The State of Maine Department of Inland Fisheries and Wildlife, Maine

Wardens Service, Michael Knights, Brandi Dalton, Ronald Dunham, Donald Shead, Nicholas

Grass and Gregory Mitchell as follows:

## JURSIDICTIONAL ALLEGATIONS

1.    Plaintiff Melissa Adle is the duly authorized Personal Representative of the Estate of

Shad Gerken by virtue of an order of the Penobscot County Probate Court dated March 6, 2015.

2.    At all times pertinent to this complaint, the decedent, Shad Gerken, was a resident of

Woodville, County of Penobscot, State of Maine.

3.    At all times pertinent to this complaint, Defendant Michael Knights, a resident of

Winterport, Maine, was a deputy with the Penobscot County Sheriff's Department.

4.    At all times pertinent to this complaint, Defendant Brandi Dalton, a resident of Lincoln,

Maine, was a member of the Lincoln Police Department.

5.     At all times pertinent to this complaint, Defendant Ronald Dunham, a resident of Lincoln, Maine, was a member of the Maine Warden's Service.

6.     At all times pertinent to this complaint, Defendant Donald Shead, a resident of West Paris, Maine, was a sergeant of the Maine State Police Department.

7.     At all times pertinent to this complaint, Defendant Nicholas Grass, a resident of Vassalboro, Maine, was the Commander of the Maine State Police Department's Tactical Squad.

8.     At all times pertinent to this complaint, Defendant Greg Mitchell , a resident of Maine, was an officer of the Maine State Police Department.

9.     This court has jurisdiction pursuant to 28 U.S.C. § 1331 as there are federal questions raised by this complaint.

10.    Plaintiff requests that the court exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims.

## BACKGROUND ALLEGATIONS

11.    At all times pertinent to this complaint, Shad Gerken suffered from various forms of mental illness, including but not limited to bipolar disorder, post-traumatic stress disorder and schizophrenia

12.    At all times pertinent to this complaint, the law enforcement community in the vicinity of Lincoln, Maine were aware that Shad Gerken suffered from various forms of mental illness and that his mental health was deteriorating rapidly during the summer of 2014.

13.    Beginning at about 8:00 a.m. on the morning of September 27, 2014, Shad Gerken was observed walking barefoot on the Woodville Road in Chester wearing a camouflage shirt and shorts.

14.     At approximately 10:09 a.m., the Penobscot County Sheriff's Office received a call that a suspicious man, later identified to be Shad Gerken, was walking down the Woodville Road with a knife at his side and he was shouting at cars driving on the road.

15.     At approximately 10:45 a.m., Defendant Knights and Defendant Dunham, joined shortly thereafter by Defendant Dalton, confronted Shad Gerken, they identified themselves as law enforcement officers and ordered Mr. Gerken to drop the knife that he was holding above his head.

16.     When Mr. Gerken did not comply with the request to drop the knife, Defendants Knights and Dunham chased Mr. Gerken into the woods where Defendant Dunham attempted to physically disarm Mr. Gerken, and in an effort to assist Defendant Dunham in restraining Mr. Gerken, Defendant Dalton shot a Taser at Mr. Gerken and Defendant Dunham applied OC spray.

17.     When Defendant Dunham was unable to wrest the knife away from Mr. Gerken, Defendants Dunham, Knights and Dalton drew and pointed their firearms, and with the assistance of other police officers formed a perimeter around Mr. Gerken as he sat in the woods.

18.     For the next several hours, various police officers, including members of the Maine State Police Crisis Negotiation Team and the Maine State Police Tactical Response Team kept Mr. Gerken surrounded at gunpoint as various persons attempted to negotiate with Mr. Gerken to encourage him to surrender.

19.     Mr. Gerken either laid on the ground or sat on the ground, and was generally non-responsive to the requests of the Maine State Police.

20.     Later in the afternoon of September 27, 2014, the lead negotiator informed Mr. Gerken that he was under arrest for aggravated assault and criminal threatening, and he was told to surrender.

21.     At approximately 5:20 p.m., the Maine State Police sprayed Mr. Gerken with water from a high pressure fire hose and by shooting Mr. Gerken with a "baton round."

22.     As a direct reaction to being sprayed by water from a fire hose and being shot with a "baton round," Mr. Gerken attempted to flee from the force being applied.

23.     As Mr. Gerken attempted to run deeper into the woods, Defendants Shead, Grass and Mitchell intentionally shot and lethally wounded Mr. Gerken.

24.     An autopsy performed by the State of Maine Medical Examiner's Office determined that Mr. Gerken was shot 20 to 26 times, including numerous entry wounds from bullets that penetrated his back.

## COUNT I – EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS KNIGHTS, DALTON AND DUNHAM

25.     Plaintiff incorporates paragraphs 1-24 by reference.

26.     This count is actionable pursuant to 42 U.S.C. § 1983.

27.     Defendants Knights, Dalton and Dunham used excessive force in contravention of Shad Gerken's rights as guaranteed by the Fourth Amendment of the U.S. Constitution when they initially confronted Mr. Gerken and applied physical techniques, including the use of a Taser and CS gas, in an effort to wrest the knife away from Mr. Gerken.

28.     As a direct and proximate result of the use of force applied by Defendants Knights, Dalton and Dunham, Mr. Gerken was surrounded by other law enforcement officers, eventually resulting in the application of lethal force that led to Mr. Gerken's death.

29.     Defendants Knights, Dalton and Dunham acted with reckless indifference to Shad Gerken's constitutional rights by engaging in the use of excessive force which entitles the Plaintiff to punitive damages.

Wherefore, Plaintiff Melissa Adle, as Personal Representative of the Estate of Shad Gerken, requests the court to enter judgment in her favor against Defendants Michael Knights, Brandi Dalton and Ronald Durham, jointly and severally, in a reasonable amount of compensatory damages, punitive damages, attorney's fees, interest, costs and such further relief as the court deems just.

## COUNT II -- EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS SHEAD, GRASS AND MITCHELL

30.     Plaintiff incorporates paragraphs 1-29 by reference.

31.     This count is actionable pursuant to 42 U.S.C. § 1983.

32.     Mr. Gerken remained passive after he was initially surrounded by various law enforcement officers.

33.     The Tactical Team under the command of Defendant Nicholas Grass engaged in excessive force when Defendant Grass ordered that Mr. Gerken be forcefully sprayed with a high volume, high velocity water hose and when he directed that Mr. Gerken be shot with a "baton round."

34.     In reaction to being sprayed with a high volume of water at a high velocity, and being shot with a "baton round," Mr. Gerken attempted to flee from the application of unlawful force.

35.     Despite Mr. Gerken's effort to flee from the use of illegal and excessive force directed against him, Defendants Shead, Grass and Mitchell opened fire on Mr. Gerken in an execution-style manner which virtually assured that Mr. Gerken would die from the numerous gunshot wounds inflicted by the Defendants.

36.     Mr. Gerken was not a realistic threat of causing serious bodily injury to the Defendants Shead, Grass and Mitchell or any other law enforcement officer at the time they repeatedly shot Mr. Gerken.

6

37.   Defendants Shead, Grass and Mitchell used excessive force in contravention of Shad Gerken's rights as guaranteed by the Fourth Amendment of the U.S. Constitution when they shot Mr. Gerken over 20 times resulting in his death.

38.   As a direct and proximate result of the use of force applied by Defendants Shead, Grass and Mitchell, Mr. Gerken sustained fatal injuries.

39.   Defendants Shead, Grass and Mitchell acted with reckless and callous indifference to Shad Gerken's constitutional rights by engaging in the use of excessive force which entitles the Plaintiff to punitive damages.

Wherefore, Plaintiff Melissa Adle, as Personal Representative of the Estate of Shad Gerken, requests the court to enter judgment in her favor against Defendants Donald Shead, Nicholas Grass and Gregory Mitchell, jointly and severally, in a reasonable amount of compensatory damages, punitive damages, attorney's fees, interest, costs and such further relief as the court deems just.

**COUNT III – FAILURE TO TRAIN**
**STATE OF MAINE DEPARTMENT OF PUBLIC SAFETY, MAINE STATE POLICE DEPARTMENT AND STATE OF MAINE DEPARTMENT OF INLAND MARINE AND WILDLIFE, MAINE WARDEN'S SERVICE**

40.   Plaintiff incorporates paragraphs 1-39 by reference.

41.   This count is actionable pursuant to 42 U.S.C. § 1983.

42.   At all times pertinent to this complaint, the individual defendants knew or should have known that Shad Gerken was mentally ill.

43.   Defendants State of Maine Department of Public Safety, Maine State Police ("Maine State Police"), and State of Maine Department of Inland Fisheries and Wildlife, Maine Wardens Service ("Maine Wardens Service") were legally obligated to train its law enforcement officers to interact appropriately with members of the public who were mentally ill.

7

44.     Defendants Maine State Police and Maine Wardens Service were legally obligated to train its law enforcement officers to engage in the use of force only in accordance with the constitutional limitations on the use of force.

45.     Defendants Maine State Police and Maine Wardens Service violated their obligations to adequately train its law enforcement offices in appropriate techniques to interact with the mentally ill and to avoid the inappropriate use of excessive force, particularly when dealing with the mentally ill, resulting in the shooting death of Shad Gerken following the use of excessive force against him by members of the Maine State Police and the Maine Wardens Service.

Wherefore, Plaintiff Melissa Adel, as Personal Representative of the Estate of Shad Gerken requests the court to enter judgment in her favor against Defendants State of Maine Department of Public Safety, Maine State Police and the State of Maine Department of Inland Fisheries and Wildlife, Maine Wardens Service, jointly and severally, in a reasonable amount together with interest, costs, attorney's fees and such further relief as the court deems just.

## COUNT IV – DISABILITY DISCRIMINATION
### STATE OF MAINE DEPARTMENT OF PUBLIC SAFETY, MAINE STATE POLICE DEPARTMENT AND STATE OF MAINE DEPARTMENT OF INLAND MARINE AND WILDLIFE, MAINE WARDEN'S SERVICE

46.     Plaintiff incorporates paragraphs 1-45 by reference.

47.     This count is actionable pursuant to 29 U.S.C. § 794, et. seq. ("the Rehabilitation Act"), 42 U.S.C. 12101, et. seq. (the Americans with Disabilities Act) and 5 M.R.S. § 4551 ("the Maine Human Rights Act").

48.     At all times pertinent to this complaint, Shad Gerken was a "qualified individual" or a "qualified individual with a disability" as defined by the Rehabilitation Act, the Americans with Disabilities Act and/or the Maine Human Rights Act.

49.     Upon information and belief, the Maine State Police and/or the Maine Wardens Service

receive federal funds which subjects these entities to the requirements of the Rehabilitation Act.

50.     Defendants Maine State Police and Maine Wardens Service, through its officers on the scene, intentionally discriminated against Shad Gerken because of his disability by seeking to arrest Mr. Gerken and by the use of excessive force against Mr. Gerken when his conduct, when appropriately understood as the sequlae of his severe mental illness, did not constitute criminal behavior.

51.     Defendants Maine State Police and Maine Wardens Service, through its officers on the scene, failed to provide reasonable accommodations to Shad Gerken to interact with him in an appropriate manner given the severe nature of his mental health disability.

52.     Defendants Maine State Police's and Maine Wardens Service's discrimination against Shad Gerken and their failure to accommodate Shad Gerken's known disabilities was a direct and proximate cause of his death in violation of the Rehabilitation Act, the Americans with Disabilities Act and the Maine Human Rights Act.

53.     Plaintiff filed a timely charge of discrimination with the Maine Human Rights Commission and has properly exhausted all administrative remedies.

Wherefore, Plaintiff Melissa Adel, as Personal Representative of the Estate of Shad Gerken requests the court to enter judgment in her favor against Defendants State of Maine Department of Public Safety, Maine State Police and the State of Maine Department of Inland Fisheries and Wildlife, Maine Wardens Service, jointly and severally, in a reasonable amount together with interest, costs, attorney's fees and such further relief as the court deems just.

## COUNT V – VIOLATION OF THE MAINE CIVIL RIGHTS ACT
## DEFENDANTS KNIGHTS, DALTON, DUNHAM, SHEAD, GRASS AND MITCHELL

54.     Plaintiff incorporates paragraphs 1-53 by reference.

55.     This count is actionable pursuant to 5 M.R.S. § 4682.

56.     Defendants Knights, Dalton, Dunham, Shead, Grass and Mitchell intentionally interfered with Shad Gerken's constitutional rights to life and liberty as protected by the Fifth Amendment of the United State Constitution, the Fourteenth Amendment to the United State Constitution and by Article I, Section 6-A of the Maine Constitution by using excessive force to interact with and subsequently kill Shad Gerken without due process of law and without equal protection to be afforded to the mentally ill.

Wherefore, Plaintiff Melissa Adel, as Personal Representative of the Estate of Shad Gerken requests the court to enter judgment in her favor against Defendants Knights, Dalton, Dunham, Shead, Grass and Mitchell, jointly and severally, in a reasonable amount together with interest, costs, attorney's fees and such further relief as the court deems just.

## JURY TRIAL DEMAND

Plaintiff Melissa Adel, as Personal representative of the Estate of Shad Gerken, requests a jury trial on all claims properly submitted to a jury.

Dated: 11-13-15

_____
Brett D. Baber, Esq., Bar No. 3143
LANHAM BLACKWELL & BABER, P.A.
Attorney for Plaintiff
133 Broadway
Bangor, ME 04401
(207) 942-2898