UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELISSA A. ADLE, as Personal Representative of the Estate of Shad I. Gerken, late of Woodville, County of Penobscot and State of Maine,<br><br>     Plaintiff,<br><br>v.<br><br>THE STATE OF MAINE, DEPARTMENT OF PUBLIC SAFETY, MAINE STATE POLICE DEPARTMENT, THE STATE OF MAINE, DEPARTMENT OF INLAND FISHERIES AND WILDLIFE, MAINE WARDENS SERVICE, MICHAEL KNIGHTS, BRANDI ALTON, RONALD DUNHAM, DONALD SHEAD, NICHOLAS GRASS, and GREGORY MITCHELL.<br><br>     Defendants. | Civil Action No. 1:15-CV-00458-NT |

**ANSWER TO THE FIRST AMENDED COMPLAINT BY
DEFENDANTS BUREAU OF STATE POLICE, SGT. DONALD SHEAD,
SGT. NICHOLAS GRASS, AND DET. GREG MITCHELL**

Now come the defendants, Bureau of State Police,\* Sgt. Donald Shead, Sgt. Nicholas Grass, and Det. Greg Mitchell\* (together, the "State Police Defendants"), and answer plaintiff's First Amended Complaint (the "amended complaint") as follows:

---

\* Defendants Bureau of State Police and Det. Greg Mitchell are misnamed in the amended complaint as the "Maine State Police Department" and "Gregory" Mitchell respectively. For purposes of this Answer, the State Police Defendants treat allegations in the amended complaint referencing these defendants as if the correct names had been used.

1

## Responses to Jurisdictional Allegations

1. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

2. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

3. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of this paragraph and therefore deny them.  No response is required to the second sentence of this paragraph as it does not contain an allegation.

4. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of this paragraph and therefore deny them.  No response is required to the second sentence of this paragraph as it does not contain an allegation.

5. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of this paragraph and therefore deny them.  No response is required to the second sentence of this paragraph as it does not contain an allegation.

6. State Police Defendants admit the first sentence of this paragraph.  No response is required to the second sentence of this paragraph as it does not contain an allegation.

7. State Police Defendants admit the first sentence of this paragraph with the qualification that the referenced Bureau of State Police unit is called the Tactical Team, not the "Tactical Squad." No response is required to the second sentence of this paragraph as it does not contain an allegation.

8. State Police Defendants admit the first sentence of this paragraph. No response is required to the second sentence of this paragraph as it does not contain an allegation.

9. No response is required to this paragraph as it purports to state a conclusion of law.

10. No response is required to this paragraph as it does not contain an allegation.

### Response to Background Allegations

11. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

12. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

13. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

14. State Police Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

15. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

16. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

17. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

18. State Police Defendants deny that Gerken was kept surrounded at gunpoint. State Police Defendants otherwise admit the allegations of this paragraph with the qualification that the second of the two referenced Bureau of State Police units is called the Tactical Team, not the "Tactical Response Team."

19. State Police Defendants admit that Gerken laid on the ground and was noncompliant with the requests of the Maine State Police. State Police Defendants otherwise deny the allegations of this paragraph.

20. State Police Defendants admit that, later on September 27, 2014, the commander of the Crisis Negotiation Team informed Gerken that he was under arrest and directed Gerken to drop his knife and take certain other actions to surrender. State Police Defendants otherwise deny the allegations this paragraph.

21. State Police Defendants admit that, in carrying out a plan to disarm Gerken and take him into custody, state police officers sprayed Gerken with water from a fire hose and fired a non-lethal foam baton round at Gerken. State Police Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

22. Denied.

23. State Police Defendants admit that Defendants Shead, Grass and Mitchell, acting in defense of self and others and in response to a threat of imminent and serious physical harm posed by Gerken, intentionally shot Gerken until he was incapacitated and that Gerken died from his wounds. State Police Defendants otherwise deny the allegations in this paragraph.

24. State Police Defendants admit that an autopsy performed by the State of Maine Office of Chief Medical Examiner found multiple gunshot wounds. State Police Defendants otherwise deny the allegations of this paragraph.

### Count I – Excessive Force Claims Against Defendants Knights, Alton and Dunham

25. State Police Defendants incorporate their responses to paragraphs 1–24 by reference.

26. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

27. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore

5

deny them.

28. Denied.

29. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

### Count II – Excessive Force Claims Against Defendants Shead, Grass and Mitchell

30. State Police Defendants incorporate their responses to paragraphs 1–29 by reference.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. State Police Defendants admit that the use of force by Defendants Shead, Grass, and Mitchell in response to a threat of imminent and serious physical harm posed by Gerken resulted in fatal injuries to Gerken. State Police Defendants otherwise deny the allegations of this paragraph.

39. Denied.

**Count III – Failure to Train Against Defendants State of Maine Department of Public Safety, Maine State Police Department and State of Maine Department of Inland Marine and Wildlife, Maine Warden's Service**

40. State Police Defendants incorporate their responses to paragraphs 1–39 by reference.

41. Denied.

42. State Police Defendants admit that, at some point during the afternoon of September 27, 2014, Defendants Grass, Shead, and Mitchell became aware that Gerken had a history of mental illness. State Police Defendants otherwise deny the allegations of this paragraph to the extent they pertain to Defendants Grass, Shead, and Mitchell, and lack knowledge or information sufficient to form a belief as to truth of the allegations as they pertain to the other individual defendants.

43. This paragraph states a conclusion of law to which no response is required. To the extent a response is required, State Police Defendants deny the allegations in this paragraph.

44. This paragraph states a conclusion of law to which no response is required. To the extent a response is required, State Police Defendants deny the allegations in this paragraph.

45. Denied.

**Count IV – Disability Discrimination Against Defendants State of Maine Department of Public Safety, Maine State Police Department and State of Maine Department of Inland Marine and Wildlife, Maine Warden's Service.**

46. State Police Defendants incorporate their responses to paragraphs 1–45 by reference.

47. Denied.

48. Denied.

49. State Police Defendants admit the allegations of paragraph 49 to the extent they pertain to the Bureau of State Police. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to the Maine Warden's Service and therefore deny them.

50. Denied.

51. Denied.

52. Denied.

53. State Police Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

### Count V – Violation of the Maine Civil Rights Act Against Defendants Knights, Alton, Dunham, Shead, Grass and Mitchell.

54. State Police Defendants incorporate their responses to paragraphs 1–53 by reference.

55. Denied.

56. Denied.

### Count VI – Wrongful Death Against Defendants Knights, Alton, Dunham, Shead, Grass and Mitchell, State of Maine Department of Public Safety, Maine State Police Department and State of Maine Department of Inland Marine and Wildlife, Maine Warden's Service

57. State Police Defendants incorporate their responses to paragraphs 1–56 by reference.

58. Denied.

59. State Police Defendants admit that the use of force by Defendants

Shead, Grass, and Mitchell, which was in response to a threat of imminent and serious physical harm posed by Gerken, resulted in fatal injuries to Gerken. State Police Defendants otherwise deny the allegations of this paragraph.

60. Denied.

**Count VII – Conscious Pain and Suffering Against Defendants Knights, Alton, Dunham, Shead, Grass, and Mitchell, State of Maine Department of Public Safety, Maine State Police Department, and State of Maine Department of Inland Marine and Wildlife, Maine Warden's Service.**

61. State Police Defendants incorporate their responses to paragraphs 1–60 by reference.

62. State Police Defendants deny that Gerken was surrounded and held at gunpoint for seven hours. State Police Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. The State Police Defendants' conduct did not violate any clearly established statutory or constitutional right of which a reasonable official would have known, and the State Police Defendants are thus entitled to qualified immunity.

3. The State Police Defendants' actions were not part of a service, program, or activity covered by the Americans with Disabilities Act, Rehabilitation Act, or Maine Human Rights Act.

4. Gerken was not a qualified individual with a disability.

5.  Some or all of plaintiff's claims are not enforceable through 42 U.S.C. § 1983.

6.  Plaintiff's claims, in whole or in part, are barred by the immunities provided under the Maine Tort Claims Act, 14 M.R.S. § 8101–8116.

7.  The State Police Defendants were not required to provide reasonable accommodations to Gerken due to exigent circumstances.

8.  The State Police Defendants were not required to provide reasonable accommodations to Gerken because he posed a direct threat to the health or safety of others.

9.  Plaintiff lacks standing to bring some or all of these claims.

10. Plaintiff's claims are barred in whole or in part by sovereign immunity, the Eleventh Amendment, or both.

11. The Americans with Disabilities Act, Rehabilitation Act, and Maine Human Rights Act do not permit recovery against a governmental entity on the basis of vicarious liability.

12. The State Police Defendants' actions were based upon legitimate non-discriminatory reasons.

13. Plaintiff is barred from any recovery because Gerken's own conduct was the sole proximate cause of the alleged damages.

14. Gerken's injuries resulted solely and exclusively from the acts of third parties over which State Police Defendants had no control.

15. Gerken's alleged injuries were proximately caused by an independent

and efficient intervening cause, and not by any conduct of the State Police Defendants.

WHEREFORE, State Police Defendants request that the Court dismiss the amended complaint and enter judgment in the State Police Defendants' favor and award the State Police Defendants costs, plus attorney's fees.

DATED:  January 12, 2016                         JANET T. MILLS
                                                                                       Attorney General

                                                                                       /s/ Jonathan R. Bolton
                                                                                       _____
                                                                                       JONATHAN R. BOLTON
                                                                                       CHRISTOPHER C. TAUB
                                                                                       Assistant Attorneys General
                                                                                       6 State House Station
                                                                                        Augusta, Maine  04333-0006
                                                                                       Tel.  (207) 626-8800
                                                                                       Fax (207) 287-3145
                                                                                       jonathan.bolton@maine.gov
                                                                                       christopher.c.taub@maine.gov

CERTIFICATE OF SERVICE

      I hereby certify that on this, the 12th day of January, 2016, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send a copy of such to counsel of record for all parties to this action.

                                        /s/ Jonathan R. Bolton

                                        Jonathan R. Bolton
                                        Assistant Attorney General