UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MELISSA A. ADLE, PERSONAL REPRESENTATIVE OF THE ESTATE OF SHAD I. GERKEN, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 1:15-cv-00458-NT |
| STATE OF MAINE DEPARTMENT OF PUBLIC SAFETY, et al., | ) ) ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

In this action, Plaintiff Melissa Adle, Personal Representative of the Estate of Shad Gerken, alleges that during an encounter with Mr. Gerken, Defendants, which consist of the Maine Department of Public Safety and certain public safety officers, used lethal force in violation of Mr. Gerken's constitutional rights.

The matter is before the Court on Plaintiff's Motion to Amend Scheduling Order to Permit Designation of Rebuttal Witness. (ECF No. 37.)  Following a review of the record, and after consideration of the parties' arguments, the motion is denied.

## Background

Pursuant to the scheduling order, Plaintiff was required to identify her expert witnesses by March 30, 2016; Defendants were to identify their expert witnesses by May 4, 2016. (ECF No. 22.)  The discovery deadline expired on July 1, 2016.

Plaintiff timely designated James Baranowski as a liability expert.  Mr. Baranowski is expected to testify that the application of force was unreasonable based in part on the availability of use-of-force options less lethal than those employed, such as the use of the police canine that

was present at the scene.  (Defendants' Objection, Ex. B, June 3, 2016, Baranowski Dep. Tr. at 275 – 276, ECF No. 43-2.)  At his deposition, Mr. Baranowski testified that he had never been a canine handler or been trained to handle canines.  (*Id.* at 276.)

Defendants designated James Scanlon as their liability expert.  Mr. Scanlon reportedly has experience and training regarding the use of police canines.  In his May 3, 2016, report, Mr. Scanlon asserted that police canines should not be deployed against armed persons (Mr. Gerken allegedly had a Bowie knife at the time) because the death of the canine is the likely consequence and the canine's death would serve no purpose.  (*Id.*, Ex. A, May 3, 2016, Letter of James Scanlon to AAG Jonathan Bolton at 12, ECF No. 43-1.)  Plaintiff conducted Mr. Scanlon's deposition on June 28, 2016.  (Plaintiff's Motion at 2.)

Thirty-seven days after Mr. Scanlon's deposition, and approximately three months after Mr. Scanlon's designation, Plaintiff obtained a report from Ernest Burwell Police Consulting.  (*Id.*, Ex. C, Aug. 4, 2016, Letter of Ernest Burwell to Atty. Lawrence Volgleman, ECF No. 43-3.)  In his report, Mr. Burwell, after noting that Mr. Gerken was shot during two distinct engagements, each involving multiple shots (an initial volley of gunfire that cause him to fall to the ground, and a second round when he attempted to get up from the ground), Mr. Burwell opined that Defendants could have deployed the canine between the two engagements.  (*Id.* at 6 – 7.)  Through her motion, Plaintiff seeks the Court's permission to designate Mr. Burwell as an expert witness.

## Discussion

A party to civil litigation "must disclose to the other parties the identity of any witness it may use at trial to present [expert opinion testimony]."  Fed. R. Civ. P. 26(a)(2)(A).  "A party must make these disclosures at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  "Absent a stipulation or court order" to the contrary, "if the evidence is intended

solely to contradict or rebut evidence on the same subject matter identified by another party [related to expert opinion testimony]," then "the disclosure must be made … within 30 days after the other party's disclosure."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  "If a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

When the request requires the extension of a court-ordered deadline after the deadline has expired, the party requesting the extension must demonstrate good cause for the failure to identify the expert in accordance with the applicable rules.  Fed. R. Civ. P. 16(b)(4).  The good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent."  *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004).  "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'"  *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)).  Additionally, a request for a sanction other than preclusion, or for no sanction at all, is assessed by means of "an array of factors," including the justification for the late disclosure, the opposing party's ability to overcome adverse effects, the procedural history, the impact on the court's docket, and the importance of the evidence to the sanctioned party's case.  *Harriman v. Hancock Cty.*, 627 F.3d 22, 30 (1st Cir. 2010).

In support of her request to permit the late designation of Mr. Burwell, Plaintiff explains that "[d]uring discovery, considerable debate has arisen regarding whether or not it was appropriate to use a canine."  (Plaintiff's Motion at 1.)  Plaintiff also argues that Mr. Scanlon's deposition prompted the need for a rebuttal witness because Mr. Scanlon testified that "most police

departments around the U.S. do not use dogs to apprehend armed individuals" and that "police dogs are usually not trained to apprehend individuals who are lying on the ground." (*Id.* at 2.) Plaintiff asserts that the representations are contrary to the lay understanding of how canines might be used and, therefore, it is of "vital" importance that Mr. Burwell be permitted to testify in rebuttal. (*Id.*)

Plaintiff's contention that Mr. Scanlon's testimony introduced a new issue that warrants leave to identify a rebuttal expert witness is unpersuasive. Because Plaintiff did not timely identify Mr. Burwell as an expert witness, Plaintiff must demonstrate good cause for the late designation. Given that Plaintiff filed the motion four months after Defendants designated Mr. Scanlon as an expert witness, that Mr. Scanlon's deposition testimony did not differ materially from the designation, that the discovery period had expired when Plaintiff filed the motion, and that Defendants had filed a notice of intent to file a motion for summary judgment by the time Plaintiff filed the motion, the factors relevant to the good cause assessment militate in favor of a denial of the motion.

Perhaps more importantly, the Court simply does not construe Mr. Scanlon's expected testimony as introducing a new issue that requires an expert witness regardless of the time the rebuttal expert might be designated. In support of her claim, Plaintiff, through Mr. Baranowski, cites the use of a canine as a reasonable alternative to the use of lethal force employed by Defendants. Defendants retained an expert in an effort to refute Plaintiff's contention. Both experts thus have offered opinions as to whether the use of a canine during the encounter between Mr. Gerken and law enforcement officials was appropriate. Each expert will presumably testify in support of that expert's opinions and attempt to explain the reasons the other expert's opinions are unfounded or unreliable. In other words, each expert will in some way rebut the other expert's

testimony. In this way, the case is like most cases in which the parties designate expert witnesses who offer different opinions on a particular subject matter. To permit the late designation of Mr. Burwell as an expert witness under the circumstances of this case would in essence permit Plaintiff to designate an additional expert on the same issue (i.e., whether the use of a canine was appropriate) for which Plaintiff has already designated an expert witness. The Court can discern no basis to permit Plaintiff to identify more than one expert witness on the same issue in this case.

## Conclusion

Based on the foregoing analysis, Plaintiff's Motion to Amend Scheduling Order to Permit Designation of Rebuttal Witness (ECF No. 37) is denied.

## NOTICE

Any objections to this order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of October, 2016.